J-S14044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :       PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| ROBERT LEE JOHNSON II | : |
| | : |
| Appellant | : No. 1328 MDA 2025 |

Appeal from the PCRA Order Entered September 8, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004399-2018

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JUNE 30, 2026**

Appellant, Robert Lee Johnson II, appeals from the order denying his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. This case returns to us after a remand to the PCRA court to allow Appellant to file an amended PCRA petition pursuant to ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021). After review, we affirm.

The trial court thoroughly addressed the facts of this case in its opinion filed in response to Appellant's direct appeal. ***See*** Trial Court Opinion, 1/16/20, at 1-7. Briefly, on May 22, 2018, LaRasul Truvillion ("Victim") was shot near Smyser and Penn Street in York, PA, and was pronounced dead approximately one hour later at York Hospital. An autopsy confirmed Victim died from a gunshot wound to the heart.

Two eyewitnesses, Wendell Johnston ("Johnston") and Mary Schroeder ("Schroeder"), both identified Appellant as the shooter. Johnston observed

Appellant seated in a parked gold Lexus before the shooting and saw him fire two shots in the direction of Smyser Street. Johnston concluded that Appellant was trying to hit something and not shooting randomly. Schroeder corroborated Johnston's account, observing Appellant fire twice over the top of the car toward Smyser Street within roughly ten seconds after the first shot. Both Johnston and Schroeder saw Appellant flee the area on foot, and surveillance video captured Appellant running from the scene seconds after the shooting. Appellant's uncle, Van Jackson, testified that Appellant arrived at his home in the early morning hours after the incident, dressed in women's clothing, and asked to watch the news, which reported that Appellant was wanted for homicide.

Physical evidence corroborated the eyewitness accounts. Two spent shell casings and one live undischarged cartridge were recovered from the parking lot near the gold Lexus, and the parties stipulated that the spent casings came from the same firearm and matched the bullet recovered from Victim's heart and the undischarged cartridge found at the scene. Additionally, there was a blue Chevy Tahoe SUV with a flat tire located on Penn Street near the shooting, and the driver side rear tire was flattened, which Detective Christopher Perry opined was caused by a bullet during the shooting. However, there was no bullet recovered from that tire and no gunshot residue testing was done in this case.

Finally, Leeasha Johnson ("Leeasha"), sister to Appellant and Victim, testified that Appellant and Victim had an argument at a club approximately

two weeks before the shooting, after which Appellant told Leeasha that he intended to kill Victim. Moreover, Appellant admitted to shooting and killing Victim, but he argued that he was provoked and acted in the heat of passion. ***See id.***

> [Appellant] was charged with murder of the first degree, murder of [the] third degree, and voluntary manslaughter. Attorney Richard Robinson, Esquire, (hereinafter referred to as "[Attorney] Robinson") represented [Appellant] during the trial proceedings.
>
> Following a jury trial on September 9, 2019, through September 11, 2019, the jury unanimously convicted [Appellant] of first-degree murder. On October 21, 2019, [Appellant] was sentenced to life incarceration without the possibility of parole. On October 31, 2019, [Appellant] filed a post-sentence motion that this Court denied on November 6, 2019. On November 18, 2019, Korey Leslie, Esquire, on behalf of [Appellant], filed a notice of appeal to the Pennsylvania Superior Court. On October 29, 2020, the Pennsylvania Superior Court affirmed the judgment of sentence. [***Commonwealth v. Johnson***, 1888 MDA 2019, 2020 WL 6343081, at *1 (Pa. Super. Filed October 29, 2020) (unpublished memorandum) (***Johnson I***).]
>
> On November 29, 2021, a Petition for Post-Conviction Collateral Relief (hereinafter referred to as "PCRA") was filed by Todd M. Mosser, Esquire, on behalf of [Appellant]. On December 21, 2021, [Appellant] filed a *pro se* Motion for PCRA. On March 16, 2022, Attorney Mosser filed a Motion for Continuance and Request to File an Amended PCRA to incorporate issues raised in the *pro se* PCRA which was granted on March 18, 2022. On April 29, 2022, Attorney Mosser filed a Motion to Withdraw, at [Appellant's] request, citing irreconcilable differences and that a meaningful attorney-client relationship no longer existed. On July 1, 2022, this court granted the Motion and allowed Attorney Mosser to withdraw as counsel. On July 11, 2022, this court appointed Aaron Holt, Esquire, as PCRA counsel for [Appellant]. On August 31, 2022, Attorney Holt filed a Motion to Withdraw as Counsel. On September 8, 2022, Attorney Holt's Motion to Withdraw was granted and Brandy Hoke, Esquire, (hereinafter referred to as "[Attorney] Hoke") was appointed PCRA counsel.

A Supplemental PCRA Petition was filed on December 8, 2022, and a Second Supplemental PCRA Petition was filed on February 15, 2023. On April 4, 2023, a PCRA hearing was held. [Appellant] appeared by Zoom protocol from SCI Forest. At that time, [Attorney] Hoke indicated to the court that, subsequent to lengthy discussions with [Appellant] regarding the issues raised in his *pro se* PCRA Petition and disagreements as to the merits of those issues, it was her intention to proceed on a single issue, that is the claim involving ineffective assistance of counsel for failure to call the witness Ashley Rodriguez to testify.

[Appellant] indicated he wanted the hearing to proceed, with representation, and preserve the issues [Attorney] Hoke determined were without merit for appeal. Testimony was taken and this court issued an opinion and order denying [Appellant's] claim for post-conviction relief. [Appellant] appealed. On March 7, 2024, the Pennsylvania Superior Court issued an Order identifying that [Appellant] raised "five claims of PCRA court error and one claim, with three sub-claims, of layered ineffective assistance of counsel." ***Commonwealth v. Johnson***, [1041 MDA 2023, 2024 WL 981450 at \*2] (Pa. Super. [filed March 7,] 2024) [(unpublished memorandum) (***Johnson II***)]. The Superior Court identified [Appellant's] claims with respect to the alleged ineffective assistance of PCRA counsel as follows:

> Whether PCRA counsel Attorney Hoke was ineffective for failing to raise additional claims on behalf of [Appellant], specifically as follows:
>
>> a. Whether trial counsel was ineffective for failing to impeach the testimony of Mary Schroeder and Wendell Johnston with photographs taken by trial counsel's private investigator?
>>
>> b. Whether trial counsel was ineffective for failing to object to misrepresentation of facts stated by the Commonwealth in its opening statements?
>>
>> c. Whether trial counsel was ineffective for failing to subpoena other witnesses identified in the discovery packet, who may have been beneficial to the defense?

***Id.*** (internal citations omitted).

[The ***Johnson II*** Court] vacated this court's order and granted [Appellant's] application for remand directing this court to appoint

- 4 -

new counsel to file an amended [PCRA] petition specifying that "counsel shall more fully develop the ineffectiveness claims suggested from the current appeal." *Id.* [at *3.]

On that same date, March 7, 2024, this court appointed LaTasha C. Williams, Esquire [Attorney Williams], as new PCRA counsel. A supplemental petition for PCRA relief was filed on June 17, 2024, alleging ineffective assistance of trial counsel for failure to impeach Commonwealth witnesses with photographs, failure to object to the Commonwealth's misrepresentation of facts during opening and closing statements, and failure to investigate and subpoena witnesses. *See* Supplemental [PCRA petition, 6/17/24], at 17-22.

On October 9, 2024, the Commonwealth filed an Answer and Motion to Dismiss averring that [Appellant's] filings were unsupported claims that failed to plead and prove sufficient facts. *See* Commonwealths' Answer and Motion to Dismiss PCRA. A hearing was scheduled for February 24, 2025; however, due to ongoing issues in obtaining the discovery portion of the file, the matter was continued to May 2, 2025, with an extension for the filing of the PCRA petition no later than April 14, 2025.

On May 1, 2025, a second supplemental petition for PCRA was filed alleging trial counsel was ineffective for: failing to object to the Commonwealth's misrepresentation of facts regarding a Chevy Tahoe; failing to impeach a Commonwealth witness, Carl Romph, with a prior inconsistent statement, failing to object to the admission of evidence, specifically the damaged Chevy Tahoe; failing to request a voluntary manslaughter — heat of passion instruction; failing to object to the order/analysis of the jury instructions; failure to utilize photographs to impeach Mary Schroeder and Wendell Johnston. *See* Second Supplemental Petition for Relief pursuant to the Pennsylvania Post Conviction Relief Act.

The hearing was held on May 2, 2025, at which time the testimony of [Attorney] Robinson was taken. [Appellant] did not call [Attorney] Hoke to testify. At the conclusion of the hearing, counsel was directed to file briefs no later than June 13, 2025. Both [Appellant] and the Commonwealth, respectively, filed briefs in support of their position and that matter is ripe for disposition.

PCRA Court Opinion ("PCO"), 9/8/25, at 2-7 (footnotes omitted and some formatting altered).[1]

On September 8, 2025, the PCRA court denied Appellant's petition, and this timely appeal followed. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues, which we have reordered, as follows:

1. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in finding that the Superior Court's 3/7/24 remand order was limited to the issues that Appellant raised *pro se* on PCRA appeal which triggered the remand?

2. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in denying Appellant's request for post-conviction relief in finding that Appellant failed to establish that trial counsel was ineffective for failing to call Ashley Rodriguez as a witness for the defense?

3. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in determining Appellant's claim that trial counsel was ineffective for failing to a) first[,] not pursue a defense of heat of passion, then b) second, to not introduce psychological/psychiatric evidence through a psychiatrist to aide in the defense was without merit?

4. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in determining Appellant's claim that trial counsel was ineffective for failing to impeach Commonwealth witness Carl Rumph with his prior inconsistent statement was without merit?

_____

[1] The PCRA court's October 22, 2025 Statement of Lower Court Pursuant to Rule 1925(a) relied on its September 8, 2025 opinion filed at the time it dismissed Appellant's PCRA petition. For clarity, we will refer to the PCRA court's September 8, 2025 opinion as the PCRA Court Opinion or PCO in this matter.

5. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in determining that Appellant's claim that trial counsel was ineffective for failing to object to the Commonwealth presenting evidence of a Chevy Tahoe that had a flat tire as being shot by Appellant was without merit?

6. Whether the [PCRA] court erred as matter of law and/or abused its discretion in determining that Appellant's claim that trial counsel was ineffective for failing to call an expert to rebut the Commonwealth's theory regarding the shooting and Dr. Roney's testimony was without merit?

7. Whether the [PCRA] court erred as matter of law and/or abused its discretion in determining that Appellant's claim that PCRA counsel was ineffective for failing to claim trial counsel's ineffectiveness for failing to object to the Commonwealth's misrepresentation of fact regarding the Chevy Tahoe during opening statements and closing argument was without merit?

8. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in determining that Appellant's claim that PCRA counsel was ineffective for failing to claim trial counsel's ineffectiveness for failing to object to the trial court's ordering of jury instructions and legal analysis as they relate to the legal definitions of malice, manslaughter, and murder of the first degree?

9. Whether the [PCRA] court erred as a matter of law and/or abused its discretion in determining that Appellant's claim that PCRA counsel was ineffective for failing to claim trial counsel's ineffectiveness for failing to impeach Commonwealth witnesses Schroeder and Johnston with crime scene photographs taken by trial counsel's private investigator?

Appellant's Brief at 4-5 (reordered and formatting altered).[2]

_____

[2] Following **Johnson II**, Attorney Williams filed Appellant's supplemental PCRA petitions and Appellant's appellate brief in this Court. However, Attorney Williams was elected to the Dauphin County Court of Common Pleas and was permitted to withdraw as counsel for Appellant. Order, 1/2/26. Current Counsel, Adam Conley, Esquire, entered his appearance for Appellant in this Court on December 29, 2025, and filed Appellant's Reply Brief.

In reviewing the denial of a PCRA petition, our standard of review is as follows:

> [We examine] whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and some formatting altered). Moreover, counsel is presumed effective. *See Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his [or her] action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his [or her] client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts [counsel] may have taken.

- 8 -

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44 (citations omitted and formatting altered).

Moreover, "[w]hen an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (internal citation omitted).

With respect to layered claims of ineffectiveness:

Where a petitioner "alleges multiple layers of ineffectiveness, he is required to plead and prove, by a preponderance of the evidence, each of the three prongs of [the test for ineffective assistance of counsel] relevant to each layer of representation." *Commonwealth v. Parrish*, 273 A.3d 989, 1004 n.11 (Pa. 2022). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel." *Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa. Super. 2010).

*Commonwealth v. Shields*, 347 A.3d 734, 744-45 (Pa. Super. 2025). If prior counsel "was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Burkett*, 5 A.3d at 1270. It is well settled that "[c]ounsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa. Super. 2004) (citation omitted).

- 9 -

## 1. Scope of Remand

Appellant argues that the PCRA court erred or abused its discretion in finding that the Superior Court's March 7, 2024 remand order in *Johnson II* was limited to the issues that Appellant raised *pro se* on the PCRA appeal which necessitated the remand. *See* Appellant's Brief at 55-60; Appellant's Reply Brief at 1-5. After review, we conclude that this Court's remand was indeed limited in scope, and therefore, we discern no error or abuse of discretion by the PCRA court.

*Bradley* provides: "a PCRA [appellant] may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of **PCRA counsel's ineffectiveness** at the first opportunity to do so, even if on appeal." *Bradley*, 261 A.3d at 401 (emphasis added). The mandate from *Bradley* is clear, and a remand pursuant to *Bradley* is limited to the development of claims of **prior PCRA counsel's ineffectiveness**, not an opportunity to begin PCRA proceedings anew. *See id.* at 405 ("allowing a petitioner to raise **claims of ineffective PCRA counsel** at the first opportunity, even if on appeal") (emphasis added).

As noted above, in *Johnson II*, this Court stated:

> On July 22, 2023, Johnson filed a timely notice of appeal, followed by a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Johnson raises five claims of PCRA court error and one claim, with three sub-claims, of layered ineffective assistance of counsel. *See* Appellant's Brief, at 4-5. Johnson's claims **with respect to the alleged ineffective assistance of PCRA counsel** is as follows:

- 10 -

Whether PCRA [c]ounsel, [Attorney] Hoke[ ] was ineffective for failing to raise additional claims on behalf of [Johnson], specifically as follows:

a. Whether [t]rial [c]ounsel was ineffective for failing to impeach the testimony of Mary Schroeder and Wendell Johnston with photographs taken by [t]rial [c]ounsel's private investigator?

b. Whether [t]rial [c]ounsel was ineffective for failing to object to misrepresentation of facts stated by the Commonwealth in [its] opening statements?

c. Whether [t]rial [c]ounsel was ineffective for failing to subpoena other witnesses identified in the discovery packet, who may have been beneficial to the defense?

*Id.*

*Johnson II*, 2024 WL 981450, at *2 (emphasis added). After specifically stating the issues involving PCRA counsel's (Attorney Hoke's) ineffectiveness, the *Johnson II* Court stated:

In the instant case, [Appellant] is currently represented by [Attorney Hoke] whose effectiveness he wishes to challenge. Thus, we conclude that he has complied with the requirement to raise this issue at the first opportunity. Additionally, given that he is still represented by PCRA counsel, [Appellant] has not had the opportunity to develop his claims before the PCRA court[FN1] or this Court. While [Appellant's] claims are underdeveloped, they do not appear to be simply boilerplate assertions.[FN2] *See Bradley, supra*. Because we are not tasked with developing the record, nor are we a factfinding court, we grant [Appellant]'s application for remand to the PCRA court and vacate the order dismissing his PCRA petition. Upon remand, the PCRA court shall appoint new counsel to file an amended petition on [Appellant]'s behalf, wherein counsel shall more fully develop the ineffectiveness claims suggested from the current appeal. Thereafter, the PCRA court must address any claims properly raised in the amended petition.

[FN1] The PCRA court highlights Attorney Hoke's statement during the evidentiary hearing that she "engaged in lengthy

- 11 -

discussions with [Appellant] about his case and the claims he wished to raise." Trial Court Opinion, 10/17/23, at 7; **see also** N.T. PCRA Hearing, 4/4/23, at 4. Such a statement is not sufficient to determine and dispose of [Appellant's] claims.

[FN2] [Appellant's] ineffectiveness claims are layered, and, if trial counsel was ineffective with respect to these claims and PCRA counsel was similarly ineffective, there was no prior opportunity to develop the record with respect to this issue. Moreover, we note that our review of the evidentiary hearing transcript indicates that trial counsel was not questioned by PCRA counsel as to photographs taken by a private investigator and what they contained, whether there were misrepresentations by the Commonwealth in opening statements to which trial counsel should have objected, or why trial counsel did or did not consider calling eyewitnesses to testify at trial to bolster [Appellant's] defense.

*Id.* at *3.

Pursuant to **Bradley** and the language quoted from **Johnson II**, we conclude that the remand order in **Johnson II** was expressly limited to Attorney Hoke's alleged ineffectiveness and allowed only for new counsel (Attorney Williams) to develop claims of Attorney Hoke's alleged ineffectiveness. In other words, the remand allowed only for claims of Attorney Hoke's ineffectiveness because, pursuant to **Bradley**, it was the first opportunity for Appellant to raise such claims. The remand did not permit Appellant to raise or relitigate claims of PCRA court error or prior counsel's ineffectiveness unless such claims were raised as layered claims of Attorney Hoke's ineffectiveness. **See Johnson II**, at *2-*3; **Bradley**, 261 A.3d at 401, 405 (articulating the limited scope of remand for a petitioner to raise claims of PCRA counsel's alleged ineffectiveness).

Upon review of the claims that Attorney Williams raised in the second supplemental PCRA petition filed on May 1, 2025, and the issues raised in Appellant's brief in the instant appeal, we find that Appellant's issues 7, 8, and 9 constitute layered claims of Attorney Hoke's alleged ineffectiveness, and those issues were expressly encompassed within the scope of this Court's March 4, 2024 remand order. **See Johnson II**, at \*2-\*3; **Bradley**, 261 A.3d at 401, 405.

However, issues 2 through 6 allege the ineffectiveness of Appellant's trial counsel, Attorney Robinson, and these claims were raised by Attorney Hoke in Appellant's initial PCRA petition, adjudicated by the PCRA court in its first order and opinion in 2023, and preserved on appeal by Attorney Hoke in the prior proceedings. **See** Amended PCRA Petition, 1/19/23, at 19-20; Second Amended PCRA Petition, 2/15/23, at 21-52; PCRA Court Order and Opinion, 6/27/23, at 6-7 (unnumbered); Rule 1925(b) Statement, 8/11/23, at 1-2 (unnumbered). Because the **Johnson II** Court did not address claims 2 through 6 on the merits, we must address them here in the first instance. However, on remand after **Johnson II**, Appellant did not amend or couch issues 2 through 6 as layered claims of Attorney Hoke's ineffectiveness, and therefore, the PCRA court correctly declined to permit expansion on or relitigation of those claims under the limited scope of a **Bradley** remand. **See Johnson II**, at \*2-\*3; **Bradley**, 261 A.3d at 401, 405. Although Attorney Williams utilized the word "layered" in one paragraph of the second supplemental PCRA petition after remand, the claims presented in issues 2

through 6 were claims raised in the initial PCRA proceedings in 2023, and importantly, they do not assert any failure of Attorney Hoke. We therefore discern no legal error or abuse of discretion in the PCRA court's decision to confine proceedings on remand to only the claims implicating Attorney Hoke's alleged ineffectiveness as PCRA counsel, consistent with the limited scope of a ***Bradley*** remand.

### 2. Ashley Rodriguez

In his second issue, Appellant contends that the PCRA court erred in finding that Appellant failed to establish that Attorney Robinson was ineffective for failing to call Ashley Rodriguez as a witness at trial. Appellant's Brief at 28-29. Appellant argues that Ms. Rodriguez's testimony from the PCRA hearing conflicted with the trial testimony of witnesses Schroeder and Johnston concerning where Victim was standing when he was shot. ***Id.*** at 29-30. Appellant contends that this conflict in testimony "makes a distinguishable difference in how and where Victim was shot. This distinguishing difference in testimony establishes an actual prejudice to Appellant by Ms. Rodriguez not being called as a witness for trial." ***Id.*** at 30.

In addition to the standards set forth above, in order to establish that counsel was ineffective for failing to call a witness, the petitioner must prove:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

- 14 -

*Commonwealth v. Treiber*, 121 A.3d 435, 463–64 (Pa. 2015) (citation omitted).

Here, the PCRA court concluded that Appellant failed to establish all three prongs of the test for ineffective assistance of counsel, *i.e.*, prejudice, arguable merit, or that Attorney Robinson had a reasonable strategic basis for not calling Ms. Rodriguez as a witness at trial. **See** PCO at 19-20. As noted, a claim of ineffective assistance of counsel claim fails unless the petitioner establishes all three prongs. **See Sandusky**, 203 A.3d at 1044. In his appellate brief, Appellant fails to address or develop an argument as to the reasonable basis prong. Accordingly, we conclude that Appellant has waived this claim, and, therefore, he is not entitled to relief. **See id.** at 1043-44; **see also Fears**, 86 A.3d at 804 (stating that where a petitioner fails to meaningfully address all three prongs of the ineffectiveness test, such underdeveloped claims are deemed waived and no relief is due).

Furthermore, were we to reach the merits, there is no evidence in the record that Ms. Rodriguez was available and willing to testify for the defense at trial. **See**, **e.g.**, N.T. PCRA Hr'g, 4/4/23, at 11-15. Indeed, Ms. Rodriguez was not asked about her willingness to testify at trial or her availability, **see id.**, and as such, Appellant cannot establish the requirement that the witness was both available and willing to testify for the defense at trial. **See Treiber**, 121 A.3d 464. Accordingly, Appellant's argument fails on this basis as well.

### 3. Heat of Passion/Psychiatric Evidence

In his third issue, Appellant argues the PCRA court erred in determining that Attorney Robinson was not ineffective for failing to pursue a heat-of-passion defense and failing to introduce psychiatric evidence. Appellant's Brief at 30. We conclude that no relief is due.

Upon review of the brief, Appellant offers only a bald claim of error concerning a heat-of-passion defense and fails to meaningfully develop any argument concerning the three prongs of the test for ineffective assistance of counsel. *See id.* at 30-31. Therefore, we conclude that Appellant has waived the issue on appeal. *See Fears*, 86 A.3d at 804.

Moreover, Appellant abandons the claim concerning Attorney Robinson's alleged failure to introduce psychiatric evidence and concedes the issue lacks merit. *See* Appellant's Brief at 30-31. Because Appellant has not developed an argument in support of the issue, we conclude that it is waived on appeal. *See Commonwealth v. Shields*, 347 A.3d 752, 761 (Pa. Super. 2025) (declining to address an issue where the appellant provides no argument in support of the claim and concedes it lacks merit); *Commonwealth v. Rodgers*, 605 A.2d 1228, 1239 (Pa. Super. 1992) (stating "[w]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief") (citation omitted).

### 4. Carl Rumph

In his fourth issue, Appellant asserts that the PCRA court erred when it concluded that Attorney Robinson was not ineffective for failing to impeach

Commonwealth witness Carl Rumph with a prior inconsistent statement. *See* Appellant's Brief at 32. Appellant argues that Mr. Rumph's statement to Detective Fetrow concerning the direction that Victim ran was inconsistent with his trial testimony. *Id.* at 33.

Upon review of the argument on this issue in Appellant's brief, Appellant fails to meaningfully discuss the three prongs of the test for ineffective assistance of counsel. Indeed, once again, Appellant fails to even mention the reasonable basis prong. Accordingly, we find the issue is waived. *See Fears*, 86 A.3d at 804.

### 5. Chevy Tahoe

In his fifth issue, Appellant argues that the PCRA court erred in concluding that there was no merit to Appellant's claim alleging that trial counsel was ineffective for failing to object when the Commonwealth presented evidence that Appellant's shooting caused a Chevy Tahoe to have a flat tire. Appellant's Brief at 34.

Once more, upon review, Appellant has not developed or meaningfully discussed the three prongs of the ineffective assistance of counsel test. On this claim, Appellant fails to mention prejudice, arguable merit, or reasonable basis. For this reason, we are constrained to find that the issue is waived. *See Fears*, 86 A.3d at 804.

### 6. Dr. Roney

Next, Appellant contends that the PCRA court erred in dismissing, as meritless, his claim that trial counsel was ineffective for failing to retain an

expert to rebut the Commonwealth's theory of the shooting and the testimony of Dr. Roney. Appellant's Brief at 36.

In the argument section of his brief, Appellant provides no argument in support of this claim and concedes that the issue is meritless. *See id.* at 36-37. Because Appellant has abandoned this issue and not developed an argument in support of the underlying claim, we conclude that it is waived on appeal. *See Shields*, 347 A.3d at 761; *Rodgers*, 605 A.2d at 1239.

### 7. Prosecutor's Comments

In his seventh issue, which is the first issue in which Appellant presented a layered claim of Attorney Hoke's alleged ineffectiveness, and which was within the scope of the limited remand from *Johnson II*, Appellant argues the PCRA court erred in concluding Attorney Hoke did not render ineffective assistance by failing to challenge Attorney Robinson's failure to object to the Commonwealth's statements regarding the Chevy Tahoe in its opening statement and closing argument. Appellant's Brief at 37. Appellant states:

> Specifically, Appellant raises that the Commonwealth brought up the Chevy Tahoe in its opening statement and closing argument without ever putting forth any evidence that the vehicle was involved with the shooting. Thus, Appellant claims it was improper and misleading to the jury for the prosecutor to make these statements without any evidence.

*Id.* at 37-38. Appellant claims that the Commonwealth's comments indicated that the flat tire on the Chevy Tahoe parked near the shooting was caused by a bullet fired by Appellant. *Id.* at 39. Appellant argues that the Commonwealth ultimately failed to prove that the flat tire was linked to the

shooting. *Id.* at 41. Appellant contends that Attorney Robinson was ineffective for failing to object to statements concerning the flat tire in the Commonwealth's opening and closing, and that Attorney Hoke was ineffective for failing to raise Attorney Robinson's ineffectiveness. *Id.* at 37-47.

Our Supreme Court has explained:

The purpose of an opening statement is to apprise the jury how the case will develop, its background and what will be attempted to be proved; but it is not evidence." *Commonwealth v. Montgomery*, 626 A.2d 109, 113 (Pa. 1993). In *Montgomery*, we acknowledged that "as a practical matter the opening statement can often times be the most critical stage of the trial, because here the jury forms its first and often lasting impression of the case." *Montgomery*, 626 A.2d at 113. The prosecution, as well as the defense, is afforded reasonable latitude in presenting opening arguments to the jury. Such latitude is not without limits. "A prosecutor's statements must be based on evidence that he plans to introduce at trial, and must not include mere assertions designed to inflame the jury's emotions." *Commonwealth v. Begley*, 780 A.2d 605, 626 (Pa. 2001). A prosecutor's opening statements may refer to facts that he reasonably believes will be established at trial.

*Commonwealth. v. Parker*, 919 A.2d 943, 950 (Pa. 2007) (some citations omitted and formatting altered).

Further:

Remarks in a prosecutor's opening statement must be fair deductions from the evidence which [s]he in good faith plans to introduce and not mere assertions designed to inflame the passions of the jury. The prosecution is not, however, required to prove conclusively all statements made during the opening [statement]. As long as there is a good faith and reasonable basis to believe that a certain fact will be established, reference may properly be made to it during the opening [statement]. Even if an opening [statement] is improper, relief will be granted only

where the unavoidable effect is to so prejudice the finders of fact as to render them incapable of objective judgment.

***Commonwealth v. Jones***, 610 A.2d 931, 938–939 (Pa. 1992) (internal citations omitted).  Additionally, "[i]n closing arguments, a prosecutor may comment on the evidence and any reasonable inferences arising from the evidence." ***Commonwealth v. Daniels***, 644 A.2d 1175, 1184 (Pa. 1994).

Moreover:

[A] claim of ineffective assistance grounded in counsel's failure to object to a prosecutor's comments may succeed when the petitioner demonstrates that the prosecutor's comments violated a constitutionally or statutorily protected right, such as the Fifth Amendment privilege against compulsory self-incrimination or the Sixth Amendment right to a fair trial, or a constitutional interest such as due process.  To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial. The touchstone is the fairness of the trial, not the culpability of the prosecutor.

A prosecutor may make fair comment on the admitted evidence and may provide fair rebuttal to defense arguments.  Even an otherwise improper comment may be appropriate if it is in fair response to defense counsel's remarks.  Any challenge to a prosecutor's comment must be evaluated in the context in which the comment was made. …

Not every unwise, intemperate, or improper remark made by a prosecutor mandates the grant of a new trial[.]  Reversible error occurs only when the unavoidable effect of the challenged comments would prejudice the jurors and form in their minds a fixed bias and hostility toward the defendant such that the jurors could not weigh the evidence and render a true verdict.

***Commonwealth v. Spotz***, 47 A.3d 63, 97–98 (Pa. 2012) (citations omitted).

Finally, "[i]t is well settled that the jury is presumed to follow the trial court's instructions." **_Commonwealth v. Williams_**, 241 A.3d 1094, 1112 (Pa. Super. 2020) (citation omitted).

The PCRA court addressed this issue as follows:

[Appellant] alleges that [Attorney] Robinson was ineffective for failing to object to the Commonwealth's statement, during his opening argument and during his closing argument, that implied the Chevrolet Tahoe with a flat tire was directly involved with the homicide. Prior to opening statements, the jury was instructed, in part, as follows:

As I told you earlier, you are the sole judges of the fact and of the credibility and weight of the evidence. You must rely on your own recollection and evaluation of the evidence during your deliberations and not on mine or counsel's. You are not bound by any opinion that I or counsel may express about guilt or innocence, credibility or weight of the evidence, facts proven by the evidence, or inferences to be drawn from the facts.

* * *

You should consider the statements and arguments of counsel carefully, even though they are not binding upon you and they are not evidence. You may be guided by them if the statements and arguments are supported by the evidence and appeal to your reason and judgment.

[N.T. Trial, 9/9-11/19, at 61-62].

Additionally, during the charge after closing arguments, the court instructed the jury, "[i]n my earlier instructions I told you that statements made by counsel are not evidence and are not binding upon you." [**_Id._** at 358]. Later in the charge, this court further instructed the jury,

[t]he speeches of counsel are not part of the evidence and you should not consider them as such. However, in deciding the case you should carefully consider the evidence in light of the various reasons and arguments that each lawyer presented. It is the right and duty of each lawyer to discuss

- 21 -

the evidence in the manner that is most favorable to the side he or she represents. You should be guided by each lawyer's arguments to the extent that they are supported by the evidence and in so far as they aid you in applying your own reason and common sense. However, you are not required to accept the arguments of either lawyer. It is for you, and you alone, to decide the case based upon the evidence that is presented from the witness stand and in accordance with the instructions that I am now giving you.

[*Id.* at 361].

At trial, Detective Christopher Perry (hereinafter referred to as "Perry") testified regarding his observation of a Chevrolet Tahoe with a flat driver side rear tire and that Perry believed it was shot out by a bullet. [*Id.* at 190, 213-14]. On cross-examination, Perry confirmed that a bullet was never recovered from the tire nor was gunshot residue testing completed on that vehicle. [*Id.* at 231-32].

At the PCRA hearing, [Attorney] Robinson testified that he did not feel it necessary to object during the opening or closing statements, testifying

I mean argument is argument. I mean it was the Commonwealth saying we believe that we have this hole in the Tahoe. They wanted an inference that it was shot out by a gunshot. I argued that they had no proof that it was anything that made that tire flat other than [having] a flat tire.

So, again, I mean, you know, they were arguing, you know, for an inference from the evidence that was presented. I mean argument is argument. I didn't feel it was objectionable.

[N.T. PCRA Hr'g, 5/2/25, at 22].

In light of the jury instructions and the testimony elicited from Perry, [Appellant] has failed to establish that the underlying issue has arguable merit. Further, [Appellant] failed to establish that [Attorney] Robinson lacked a reasonable basis for his action or inaction. As a result, this claim is without merit.

PCO at 9-11 (some formatting altered).

After review, we agree with the PCRA court's conclusions. The Commonwealth was permitted to comment about the flat tire in its opening based on what it planned to introduce through Detective Perry's testimony. *Parker*, 919 A.2d at 950; *Jones*, 610 A.2d at 938–939. After Detective Perry testified to his belief that the flat tire was caused by a bullet, the Commonwealth was permitted to state the reasonable inference that the flat tire was caused by gunfire. *Daniels*, 644 A.2d at 1184. Further, the trial court instructed the jury that the argument of counsel was not evidence, and the jury is presumed to follow the trial court's instructions. *Williams*, 241 A.3d at 1112. Moreover, Attorney Robinson cross examined Detective Perry who conceded that no bullet was recovered from the tire and no gunshot residue testing was completed on the Chevy Tahoe. N.T. Trial, 9/9-11/19, at 231-32. Attorney Robinson also testified to a reasonable basis for not objecting to the Commonwealth's references, stating that the Commonwealth's references were merely argument and not evidence. N.T. PCRA Hr'g, 5/2/25, at 22.

For these reasons, we conclude that Appellant has failed to establish that there is arguable merit to his claim of Attorney Robinson's ineffectiveness, and Attorney Hoke cannot be deemed ineffective for failing to raise a meritless claim. *Poplawski*, 852 A.2d at 327. Accordingly, Appellant has failed to establish the arguable merit prong of the test for ineffectiveness.

Additionally, the PCRA court's conclusion that Attorney Robinson had a reasonable basis for not objecting is aptly supported by the record. As stated

above, the Commonwealth's references to the flat tire were merely argument,[3] the trial court instructed the jury on how it was to consider such argument,[4] and the jury is presumed to follow the court's instructions. *Williams*, 241 A.3d at 1112. Therefore, we conclude that Appellant has failed to establish that Attorney Robinson lacked a reasonable basis for his actions, and Appellant has also failed to satisfy this prong of the test for ineffective assistance of counsel. Because Appellant cannot establish all three prongs of the test for ineffective assistance of counsel as to both Attorney Robinson and Attorney Hoke, his layered claim of ineffectiveness fails. *Shields*, 347 A.3d at 744-45; *Burkett*, 5 A.3d at 1270.

### 8. Jury Instructions

In his eighth issue, Appellant argues that the PCRA court erred in rejecting Appellant's layered ineffectiveness claim that Attorney Hoke was ineffective for failing to raise Attorney Robinson's ineffectiveness for not objecting to the trial court's jury instructions on the legal definitions of malice, manslaughter, and first-degree murder. Appellant's Brief at 47. Appellant contends that Attorney Robinson was ineffective for failing to object to the trial court's progression charge, which began with first-degree murder, and argues that the jury should instead have been instructed to first determine

---

[3] *See* N.T. PCRA Hr'g, 5/2/25, at 22.

[4] *See* N.T. Trial, 9/9-11/19, at 61-62, 358.

whether the Commonwealth proved malice beyond a reasonable doubt. *Id.* at 50.

Upon review, we conclude that Appellant has not meaningfully discussed all three prongs of the test for ineffective assistance of counsel. Indeed, Appellant only briefly mentions prejudice and fails to develop an argument as to arguable merit and reasonable basis. Accordingly, we find the issue is waived. *See Fears*, 86 A.3d at 804.

### 9. Schroeder and Johnston

In his final issue on appeal, Appellant contends that the PCRA court erred in rejecting Appellant's claim that Attorney Hoke was ineffective for failing to raise Attorney Robinon's ineffectiveness for failing to impeach Commonwealth witnesses Johnston and Schroeder with crime scene photographs taken by Attorney Robinson's private investigator. Appellant's Brief at 52. Appellant argues that the photographs show that the vantage point that was testified to by Schroeder and Johnston may not have existed, and, although Appellant concedes that Attorney Robinson did cross-examine these witnesses, Appellant claims Attorney Robinson was ineffective for failing to impeach the testimony of Schroeder and Johnston with the photos. *Id.* at 52-53.

The PCRA court addressed this issue as follows:

[Appellant] next avers that [Attorney] Robinson was ineffective for failing to use photographs taken by the defense's private investigator to impeach Mary Schroeder and Wendell Johnston. At the PCRA hearing, [Attorney] Robinson testified that he hired a private investigator, George Morrison (hereinafter referred to as

"Morrison"), for this case. PCRA Hr'g Transcript, 05/02/2025, pp. 27:15 – 19. [Attorney] Robinson testified that Morrison took photographs of the area [in which] the crime took place, "from the direction looking away from Wendell Johnston and Mary[ Schroeder's] house . . . from the front of their house out." PCRA Hr'g Transcript, 05/02/2025, pp. 27:22 - 29:14. [Attorney] Robinson went on to explain that he believed he would have used the photographs, in his case in chief or for impeachment purposes during the Commonwealth's case in chief, if he thought he should, or there was a need to, use them. PCRA Hr'g Transcript, 05/02/2025, pp. 29:17 - 30:16. Further, [Attorney] Robinson testified, in looking at the photographs today, he did not believe they had evidentiary value specifically with respect to the testimony provided by Wendell Johnston or Mary Schroeder. PCRA Hr'g Transcript, 05/02/2025, pp. 30:17-25.

Neither Wendell Johnston, Mary Schroeder, nor Morrison were present at the PCRA hearing to testify regarding any photographs taken by Morrison. Additionally, the photographs in question were not marked and moved into evidence. In light of this, combined with [Attorney] Robinson's testimony, [Appellant] has failed to establish that the underlying issue has arguable merit or that [Attorney] Robinson lacked an objective reasonable basis for not utilizing the photographs to impeach Wendell Johnston and Mary Schroeder. Finally, [Appellant] lacks the evidence necessary to establish that the outcome would have been different if [Attorney] Robinson had used Morrison's photographs to impeach the witnesses. As a result, this claim is without merit.

PCO at 17-18.

We note that our Supreme Court has explained:

PCRA hearings are not discovery expeditions; rather, they are conducted when necessary to offer the petitioner an opportunity to prove that which he already has asserted, and only when his proffer establishes a colorable claim about which there remains a material issue of fact. It is not enough to take a cold record, state that "counsel could have done this instead, or in addition," and then declare an entitlement to relief or discovery and further delay.

*Commonwealth v. Sneed*, 45 A.3d 1096, 1107 (Pa. 2012) (internal citation omitted).

Upon review, Appellant has not established prejudice or that Attorney Robinson lacked a reasonable basis for not using the photographs to impeach Schroeder and Johnston. As the PCRA court noted, Attorney Robinson provided the basis for his actions and testified that he would have used the photos if he thought there was a need, but he did not believe the photos had evidentiary value with respect to the testimony provided by Johnston and Schroeder. *See* N.T. PCRA Hr'g, 5/2/25, at 29-30. Nothing presented by Appellant at the PCRA hearing refutes Attorney Robinson's testimony or supports Appellant's claim of ineffectiveness. There was no testimony that the photos contradicted or cast doubt on the testimony of Attorney Robinson, or of Shroeder and/or Johnston; the photos themselves were never admitted as evidence at the PCRA hearing;[5] and, all we are faced with is Attorney Williams' argument that the photos reflect that the vantage point testified to by Shroeder and Johnston may not exist. This mere accusation falls well short of establishing that Attorney Robinson was ineffective or that Appellant was

_____

[5] Appellant argues in his appellate brief that the photos were attached as an exhibit to the Second Supplemental PCRA Petition filed on May 1, 2025. Appellant's Brief at 54. While the record supports the statement that the photos were attached as an exhibit, the PCRA court is correct that Attorney Williams did not seek to mark or move to admit these photos into evidence at the PCRA hearing. In the reply brief, which would have been the first opportunity to do so, current counsel, Attorney Conley, did not raise an issue of Attorney Williams ineffectiveness for failing to move the photos into evidence at the PCRA hearing or the failure to present the testimony of Johnston, Schroeder, and/or Morrison.

prejudiced by Attorney Robinson's failure to impeach Johnston and Schoeder with the photos. *See, e.g., Commonwealth v. Wharton*, 811 A.2d 978, 987 (Pa. 2002) (explaining that mere abstract allegations of ineffectiveness do not establish that counsel was ineffective) (citation omitted). As such, Attorney Robinson was not ineffective and therefore, Attorney Hoke cannot be deemed ineffective for failing to raise a meritless claim of Attorney Robinson's ineffectiveness. *See Poplawski*, 852 A.2d at 327.

## Conclusion

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.


Judgment Entered.


_____

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/30/2026